UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM DONALD BROWN | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 1:14CV393-RHW |
| MICHAEL WEST et al | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER

William Donald Brown, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging inadequate medical care for treatment related to his teeth, hernia, and hepatitis C. Doc. [1]. The Court conducted a screening hearing on April 9, 2015, at which time the parties consented to jurisdiction before a United States Magistrate Judge. Minute Entry (4/9/2015); Doc. [25]. The Court also established case management deadlines, including a motion deadline of August 15, 2015. Text Only Scheduling Order (4/9/2015). On August 11, 2015, Defendants Michael West and Ron Woodall filed a motion to dismiss based on Plaintiff's failure to exhaust administrative remedies. Doc. [30]. The Court later extended the dispositive motion deadline to September 14, 2015. Text Only Order (8/17/2015). On August 19, 2015, Defendants West and Woodall filed a second motion to dismiss the complaint based on Plaintiff's failure to maintain a current address of record. Doc. [33]. The Court entered a order suspending the dispositive motion deadline pending a ruling on Defendants' motions to dismiss. Text Only Order (8/31/2015).

The Court finds that Plaintiff's complaint should be dismissed without prejudice on alternative grounds. First, Plaintiff failed to exhaust administrative remedies with respect to his claims. Second, Plaintiff failed to maintain a current address of record with the Court.

**Failure to Exhaust**

Exhaustion of administrative remedies through the prison grievance system is a jurisdictional prerequisite for lawsuits filed pursuant to §1983. *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001). As amended by the Prison Litigation Reform Act, 42 U.S.C. § 1997e provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003) overruled on other grounds by *Jones v. Bock* 549 U.S. 199, 214-15 (2007). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah County, Miss.*, 531 F. 3d. 626, 630 (5th Cir. 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). The Fifth Circuit takes a "strict approach to the exhaustion requirement." *Days*, 322 F. 3d at 866. However, the exhaustion requirement may be subject to certain defenses such as waiver, estoppel, or equitable tolling. *Id.*

The record reveals that Plaintiff did not exhaust his available administrative remedies. *See* Doc. [30-2], [30-3] & [30-4]. Although Plaintiff filed a grievance through the administrative remedy program, he did not complete the appeal process. *Id.* Plaintiff has not filed a response in opposition to dispute Defendants' evidence demonstrating that Plaintiff failed to exhaust administrative remedies. Accordingly, the Court finds that the complaint should be dismissed on this basis.

**Failure to Prosecute**

The Court also finds that Plaintiff's complaint should be dismissed for failure to

prosecute.  The record is replete with advisories directing Plaintiff to maintain a current address and warning that his failure to advise this court of a change of address may result in the dismissal of his case.  *See* Doc. [3], [4],  [9], [10] & [12].  At the screening hearing on April 9, 2015, the Court also advised Plaintiff to maintain a current address with the Court.  *See* Minute Entry 4/9/2015.  Despite these repeated warnings, the Court finds that Plaintiff has failed to maintain a current address with the Court.  On August 27, 2015, and August 31, 2015, mail sent to Plaintiff was returned "undeliverable".  Doc. [34] & [36].  Plaintiff apparently has been released on parole.  *See* Doc. [33-2].  Mail sent by Defendants to Plaintiff's address of record was also returned "undeliverable".  Doc. [33-1].

      IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' [30] [33] Motions to Dismiss are GRANTED and that Plaintiff's 42 U.S.C. § 1983 complaint is dismissed without prejudice for failing to exhaust administrative remedies and for failing to prosecute.

      SO ORDERED, this the 18th day of September, 2015.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE